UNITED STATED DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MALIBU MEDIA, LLC

                      Plaintiff,

v.

[REDACTED],

                      Defendant.
-------------------------------------------------------------X

Case No.: 2:17-cv-06913-SJF-SIL

**ANSWER WITH COUNTERCLAIMS**

Defendant, [REDACTED] by its attorneys, Law Offices of David P. Fallon PLLC, answering the amended complaint of the plaintiff, Malibu Media, LLC, herein, upon information and belief, allege as follows:

1. Denies knowledge of information sufficient to form a belief as to the allegations set forth in paragraph 1 of the complaint.

2. Denies the allegations contained in paragraph 2 of the complaint.

3. Denies knowledge of information sufficient to form a belief as to the allegations set forth in paragraph 3 of the complaint.

4. Denies knowledge of information sufficient to form a belief as to the allegations set forth in paragraph 4 of the complaint.

5. Denies knowledge of information sufficient to form a belief as to the allegations set forth in paragraph 5 except admits the allegations set forth in paragraph 5 of complaint that defendant resides in this state.

6. Denies knowledge of information sufficient to form a belief as to the allegations set forth in paragraph 6 of the complaint.

7. Denies knowledge of information sufficient to form a belief as to the allegations set forth in paragraph 7 of the complaint.

8. Denies knowledge of information sufficient to form a belief as to the allegations set forth in paragraph 8 of the complaint.

9. Defendant admits the allegations set forth in paragraph 9 of the complaint.

10. Denies knowledge of information sufficient to form a belief as to the allegations set forth in paragraph 10 of the complaint.

11. Denies knowledge of information sufficient to form a belief as to the allegations set forth in paragraph 11 of the complaint.

12. Denies knowledge of information sufficient to form a belief as to the allegations set forth in paragraph 12 of the complaint.

13. Denies knowledge of information sufficient to form a belief as to the allegations set forth in paragraph 13 of the complaint.

14. Denies knowledge of information sufficient to form a belief as to the allegations set forth in paragraph 14 of the complaint.

15. Denies knowledge of information sufficient to form a belief as to the allegations set forth in paragraph 15 of the complaint.

16. Denies knowledge of information sufficient to form a belief as to the allegations set forth in paragraph 16 of the complaint.

17. Denies knowledge of information sufficient to form a belief as to the allegations set forth in paragraph 17 of the complaint.

18. Denies knowledge of information sufficient to form a belief as to the allegations set forth in paragraph 18 of the complaint.

19. Denies knowledge of information sufficient to form a belief as to the allegations set forth in paragraph 19 of the complaint.

20. Denies knowledge of information sufficient to form a belief as to the allegations set forth in paragraph 20 of the complaint.

21. Denies knowledge of information sufficient to form a belief as to the allegations set forth in paragraph 21 of the complaint.

22. Denies knowledge of information sufficient to form a belief as to the allegations set forth in paragraph 22 of the complaint.

23. Denies the allegations in paragraph 23 of the complaint.

24. Denies knowledge of information sufficient to form a belief as to the allegations set forth in paragraph 24 of the complaint.

25. Denies the allegations in paragraph 25 of the complaint.

26. Denies knowledge of information sufficient to form a belief as to the allegations set forth in paragraph 26 of the complaint.

27. Denies knowledge of information sufficient to form a belief as to the allegations set forth in paragraph 27 of the complaint.

28. Denies knowledge of information sufficient to form a belief as to the allegations set forth in paragraph 28 of the complaint.

29. Denies knowledge of information sufficient to form a belief as to the allegations set forth in paragraph 29 of the complaint.

30. Denies the allegations contained in paragraph 30 of the complaint.

31. Denies knowledge of information sufficient to form a belief as to the allegations set forth in paragraph 31 of the complaint.

32. Denies the allegations contained in paragraph 32 of the complaint.

33. Denies the allegations contained in paragraph 33 of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Defendants have not infringed any applicable copyright under federal or state law.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The complaint fails to set forth, and plaintiff cannot show, requisite elements of a course of action for copyright infringement.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands. In 2012, Magistrate Judge Brown of the Eastern District of New York considered cases with allegations from the same plaintiff here, identical to the plaintiff's filed case at hand and highlighted the abusive litigation tactics used by plaintiff to extort money from individuals, like defendant, who are simply being accused due to the fact they are the subscriber to the IP address. *In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80; 2012 WL 1570765 (E.D.N.Y. 2012).

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Defendant's actions were not willful.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because plaintiff has suffered no damages and any damages alleged are too speculative and imprecise.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

If and to the extent plaintiff has suffered any injury or damages, such injury or damage is the result of the acts or omissions of those other than defendant.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

The basis of plaintiff's accusations is ownership of the IP address. The "ownership" of IP address is not sufficient to prove copyright infringement. "[A] single IP address usually supports multiple

computer devices which unlike traditional telephones can be operated simultaneously by different individuals." *In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80, 82 (E.D.N.Y. 2012) (citing to *U.S. v. Latham*, 2007 WL 4563459, at 4* (D.Nev. 2007)). "Different family members, or even visitors could have performed the alleged downloads." *Id.*.

## AS A FIRST COUNTER-CLAIM

34. Plaintiff is a California company engaged in the production and distribution of pornographic films.

35. Plaintiff has filed thousands of lawsuits across the country for copyright infringement against thousands of internet subscribers based off IP addresses.

36. Plaintiff, once receiving the IP addresses, seeks court assistance in the form of pre-suit discovery in order to subpoena internet service providers in order to gain the names and addresses of those individuals associated with the IP address.

37. Once the names and addresses are subpoenaed, plaintiff proceeds in serving defendants with boilerplate complaints in bulk.

38. Courts across the country, including the Eastern District of New York, have begun to catch onto plaintiff's abusive use of the court system.

39. Many courts, including the Eastern District of New York, have also acknowledged many times the individual associated with the IP addresses are likely not the individual who committed the acts alleged in plaintiff's complaints.

40. Plaintiff has no interest in actually protecting a copyright or vindicating their legal rights, rather they abuse the court system to extort money from likely innocent defendants, like the defendant in this action.

5

41. Plaintiff has committed an abuse of process due to the fact they regularly issue complaints to compel likely innocent parties to pay settlements and do not act in order to protect themselves and their products from copyright infringement.

42. Based on the above, defendant seeks damages in the sum of $100,000 plus attorney's fees, costs and disbursements of this action.

WHEREFORE, defendant demands judgment dismissing the complaint herein, together with awarding the costs and disbursements of this action plus judgment on the counter-claim in the sum of $100,000 plus attorney's fees, costs and disbursements of this action.

Dated: Sayville, New York
       June 18, 2019

                                      David P. Fallon, Esq.
                                      LAW OFFICES OF DAVID P. FALLON, PLLC
                                      Attorneys for defendant
                                      53 Main Street, Suite 1
                                      Sayville, New York 11782
                                      (631) 567-0340

TO:    Kevin T. Conway, Esq.
        Attorney for Plaintiff
        664 Chestnut Ridge Road
        Spring Valley, New York 10977
        (845) 352-0206